IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Polina Volkova<br>*Plaintiff*<br><br>v.<br><br>Taiga Restaurant Corp. d/b/a "Soda Bar"<br>*Defendant* | Case No. 20-CV-__3244__<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1) For nearly five years, Plaintiff Polina Volkova worked as a bartender for Taiga Restaurant Corp. in Brooklyn, better known as "Soda Bar."

2) During this time, Plaintiff earned tips from customers, but was generally paid no hourly (*i.e.*, "minimum") wage, as required by both the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA") and New York Labor Law § 650, *et seq*. (the "NYLL"), in addition to failing to comply with other labor law requirements.

3) In order to attempt to cover her traces, Soda Bar owner Galina Sokolova ("SOKOLOVA") would engage in fraudulent schemes such as writing checks to Plaintiff and requiring Plaintiff to cash them and return the money to her, as well as issuing W-2s with no basis in reality.

4) Soda Bar therefore owes Plaintiff back pay and other damages as allowed by law.

## JURY DEMAND

5) Plaintiff demands a jury on all issues so triable.

## PARTIES

6) Plaintiff Polina Volkova is an individual living in Kings County, NY.

7) Defendant Soda Bar is a New York corporation headquartered and doing business in Kings County, NY.

## JURISDICTION & VENUE

8) Personal jurisdiction is proper because the sole defendant is a New York corporation that actually does business regularly within the State of New York, and the complaint pertains to a dispute that arose entirely within the State of New York.

9) Subject matter jurisdiction is proper for the FLSA claim because it arises under federal law. *See* 28 U.S.C. § 1331.

10) Subject matter jurisdiction is proper for the NYLL claim under the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367.

11) Venue is proper because all parties are residents of Kings County, NY, and the incident(s) that gave rise to the complaint occurred within the boundaries of this district.

## ALLEGATIONS OF FACT

12) Defendant Taiga Restaurant Corp. is the business entity behind "Soda Bar," a liquor-licensed establishment located at 629 Vanderbilt Ave, Brooklyn, NY 11238.

13) Soda Bar makes substantial revenue by selling alcohol that was imported into New York from the other states and foreign countries, thus affecting interstate commerce.

14) According to public records maintained by the New York State Liquor Authority, the sole owner of this business is one Galina Sokolova ("SOKOLOVA").

15) In September 2014, Plaintiff interviewed with SOKOLOVA and was hired to start that month.

16) Soda Bar had the power to hire and fire Plaintiff, controlled the terms and conditions of her employment, provided training and direction for how to accomplish the assigned tasks, and determined the rate and method of any compensation in exchange for her employment.

17) However, Plaintiff was not provided with a written notice containing her rate of pay, either at the time of hiring or any point before or after.

18) Instead, SOKOLOVA verbally explained to Plaintiff that she would be compensated entirely in tips and would only receive any pay from Soda Bar in the event that tips totaled less than $100 per shift, in which case Soda Bar would pay only the difference.

19) On the vast majority of days, Plaintiff made at least $100 in tips, and thus for the vast majority of days, Plaintiff was paid $0 towards minimum wage by Soda Bar.

20) Employers who fail to pay minimum wage are not entitled to take any "tip credit;" thus, Soda Bar owes the entire minimum wage to Plaintiff, without regard to tips collected, less any payments it can demonstrate it made from the $100 daily minimum discussed in ¶ 17.

21) Upon information and belief, SOKOLOVA knew that she was required to pay minimum wage to Plaintiff.

22) As evidence of the same, SOKOLOVA took measures to fraudulently hide her tracks, such that state investigators would be less likely to uncover that there was an underpaid staff member.

23) For example, SOKOLOVA issued Plaintiff W-2s in small amounts (typically a few thousand dollars per year); these amounts had no basis in what Plaintiff was actually compensated.

24) As another example, on an approximately monthly basis, SOKOLOVA wrote a check for $250 to Plaintiff and directed Plaintiff to cash the check and return the money

25) Plaintiff, fearing for her job and unaware of SOKOLOVA's scheme, followed these instructions.

26) Notwithstanding, even if SOKOLOVA had actually paid Plaintiff $250 per month and "let her" keep it, she still would have paid Plaintiff not even half of the minimum wage that was due to her.

## CLAIMS FOR RELIEF

### Count 1 – Violation of the Minimum Wage Provisions of the FLSA

27) At all times relevant to this action, Soda Bar was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

28) At all times relevant to this action, Soda Bar was engaged in commerce or in an industry or activity affecting commerce.

29) Soda Bar constitutes an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r) – (s).

30) Soda Bar failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

31) Defendant's failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

32) Plaintiffs was damaged in an amount to be determined at trial.

## Count 2 – Violation of the New York Minimum Wage Act

33) At all times relevant to this action, Soda Bar was Plaintiff's employer within the meaning of the NYLL §§ 2 & 651.

34) Soda Bar, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

35) Soda Bar's failure to pay Plaintiffs the minimum wage was willful within the meaning of NYLL § 663.

36) Plaintiff was damaged in an amount to be determined at trial.

## Count 3 – Violation of the Notice & Recordkeeping Requirements of the New York Labor Law

37) Soda Bar failed to provide Plaintiff with a written notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

38) Defendant is therefore liable to Plaintiff in the amount of $5,000, together with costs and attorney's fees.

### Count 4 – Violation of the Wage Statement Provisions of the New York Labor Law

39) Soda Bar failed to provide Plaintiff with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

40) Defendant is therefore liable to Plaintiff in the amount of $5,000, together with costs and attorney's fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

i. Actual damages in the amount of minimum wage for each and every unpaid hour worked by Plaintiff since September 2014, in an amount to be determined by a jury,

ii. Liquidated damages in an amount equal and in addition to the actual damages, as provided by NYLL § 198(1-a),

iii. Statutory damages totaling $10,000 for Counts 3 & 4,

iv. An order that failure to promptly pay any judgment as required by NYLL § 198(4) will result in an automatic increase of the judgment by 15%.

v. Pre- and post-judgment interest as allowed by law,

vi.    Attorney's fees,

vii.    Cost of the action, and

viii.    Any other such relief as the Court deems appropriate.

Dated:  New York, NY                                  Respectfully submitted,

         July 20th, 2020

                                                                  /s/
                                        Jonathan Corbett, Esq.
                                        Plaintiff (*pro hac vice* pending)
                                        CA Bar #325608
                                        958 N. Western Ave. #765
                                        Hollywood, CA 90029
                                        E-mail: jon@corbettrights.com
                                        Phone: (310) 684-3870
                                        FAX:  (310) 684-3870